UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **WD PARTNERS, INC.,**<br><br>    Plaintiff,<br><br>v.<br><br>**REEF GLOBAL INC.,**<br><br>    Defendant. | Case No. |

## COMPLAINT

Plaintiff WD Partners, Inc. ("WD") files this Complaint against Defendant REEF Global Inc. ("REEF") and alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. WD is an Ohio corporation with its principal place of business in Franklin County, Ohio.

2. REEF is a Delaware corporation with its principal place of business in Miami-Dade County, Florida.

3. This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between WD and REEF and the amount in controversy in this action, exclusive of interest and costs, exceeds $75,000. WD is a citizen of Ohio and REEF is domiciled in and a citizen of Florida and/or Delaware.

4. This Court has personal jurisdiction over REEF, and venue is proper in this Court, because the parties consented to legal action in federal courts located in New York County.

## FACTS COMMON TO ALL COUNTS

5. WD is a multi-faceted company that, among other things, provides architectural and engineering design services.

6. REEF provides parking lot facility management services.

7. On May 13, 2021, WD and REEF entered into a Master Services Agreement for Architecture Services ("MSA"). A true and accurate copy of the MSA is attached as **Exhibit A**.

8. The MSA provides that WD will perform consulting services to REEF.

9. While the MSA contemplated the parties preparing statements of work for each consulting project, under the parties' course of performance WD simply provided the consulting services REEF requested and then invoiced REEF for the services that WD rendered.

10. In exchange for WD's services, Section 4.1 of the MSA provides that REEF will pay WD within 60 days of REEF's receipt of an itemized invoice from WD.

11. Further, Section 4.2 of the MSA provides that REEF will reimburse WD for all reasonable expenses WD incurs within 60 days of REEF's receipt of an invoice from WD accompanied by receipts and reasonable supporting documentation.

12. WD has provided consulting services to REEF on several projects under the MSA.

13. WD has invoiced REEF for the services WD rendered to REEF.

14. REEF paid several WD invoices early on in the parties' course of performance, but has defaulted on subsequent invoices. True and accurate copies of WD's outstanding invoices to REEF are attached collectively as **Exhibit B**.

15. To date, REEF owes WD the principal balance of $166,234.25 on invoices for which REEF's 60-day payment period has expired. Because REEF has defaulted upon substantial invoice amounts to date, WD reasonably anticipates that REEF will not pay the remaining $68,212.80 in outstanding invoices, either. A true and accurate copy of WD's aged accounts

receivables report for the services WD rendered to REEF is attached as **Exhibit C**.

## COUNT I – BREACH OF CONTRACT

16. WD realleges the preceding paragraphs as if fully restated here.

17. WD and REEF had a binding contract pursuant to the MSA.

18. WD fully performed its obligations under the MSA by providing the agreed-upon services to REEF.

19. REEF failed to comply with the terms of the MSA when it failed to pay WD for the services that WD rendered.

20. REEF's non-performance constitutes a material breach of the MSA.

21. Because of the breach, WD has suffered damages. In particular, WD has been damaged by providing REEF with consulting services for which REEF has not compensated WD.

22. As of May 12, 2022, the principal sum of $166,234.25 is due and payable to WD, together with pre- and post-judgment interest at the applicable statutory rate, plus court costs.

## COUNT II – ANTICIPATORY BREACH OF CONTRACT

23. WD realleges the preceding paragraphs as if full restated here.

24. WD and REEF had a binding contract pursuant to the MSA.

25. WD fully performed its obligations under the MSA by providing the agreed-upon services to REEF.

26. REEF has defaulted in paying multiple WD invoices in the past several months totaling $166,234.25. WD reasonably believes that REEF will also default upon the remaining $68,212.80 in outstanding invoices that WD has issued to REEF.

27. REEF's anticipated breach of the MSA is material because it goes to the root of the parties' agreement and defeats the object of the parties in entering into the contract: WD rendering

consulting services to REEF in exchange for payment.

28. Absent payment from REEF, WD will be unable to receive the fruits of the MSA.

29. Therefore, WD seeks judgment against REEF based upon the anticipatory breach of $68,212.80 in unpaid invoices, together with pre- and post-judgment interest at the applicable statutory rate, plus court costs.

## COUNT III – ACCOUNT STATED

30. WD realleges the preceding paragraphs as if fully restated here.

31. WD presented an account statement to REEF regarding the services WD rendered to REEF.

32. REEF accepted the account statement as correct, or failed to raise a timely objection to the amount stated as due by WD.

33. REEF acknowledged owing its balance due to WD per the account statement and indicated its willingness or hope to pay such balance.

34. As of May 12, 2022, the principal sum of $234,447.05 has been billed by WD, and it seeks judgment on that amount, together with pre- and post-judgment interest at the applicable statutory rate, plus court costs.

## COUNT IV – UNJUST ENRICHMENT

35. WD realleges the preceding paragraphs as if fully restated here.

36. WD conferred a benefit upon REEF by providing consulting services to REEF as requested by REEF.

37. REEF was aware of and accepted the benefit conferred upon it by WD.

38. REEF has been unjustly enriched by failing to compensate WD for these services.

39. WD has suffered damages due to REEF's unjust enrichment in the amount of

$234,447.05, together with pre- and post-judgment interest at the applicable statutory rate, plus court costs.

## PRAYER FOR RELIEF

On these bases, WD requests this Court grant judgment in its favor and against REEF as follows:

A. On Count I, compensatory damages of $166,234.25, together with pre- and post-judgment interest at the applicable statutory rate, plus court costs;

B. On Count II, compensatory damages of $68,212.80, together with pre- and post-judgment interest at the applicable statutory rate, plus court costs;

C. On Counts III and IV, compensatory damages of $234,447.05, together with pre- and post-judgment interest at the applicable statutory rate, plus court costs; and

D. Such other and further relief that the Court deems just and proper.

Dated: May 25, 2022        Respectfully submitted,

s/Anthony P. Callaghan
Anthony P. Callaghan
GIBBONS P.C
One Pennsylvania Plaza, 37th Floor
New York, NY 10119-3701
Telephone:  (212) 613-2000
Facsimile:  (212) 290-2018
acallaghan@gibbonslaw.com

Robert G. Cohen (*pro hac vice* application to be filed)
Matthew M. Zofchak (*pro hac vice* application to be filed)
KEGLER, BROWN, HILL + RITTER
65 East State Street, Suite 1800
Columbus, Ohio 43215
T: (614) 462-5400 / F: (614) 464-2634
rcohen@keglerbrown.com
mzofchak@keglerbrown.com

*Attorneys for Plaintiff WD Partners, Inc.*

103477\000072\4869-7766-3008v2